JAY KYLE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 18, 1907.*

1. CONSTITUTIONAL LAW—*presumptions are in favor of validity of statutes.* The power of the legislature to enact statutes is plenary, except in so far as it is limited by the constitution; and a statute will not be declared unconstitutional unless clearly violative of some express constitutional provision.

2. SAME—*section 25 of Game law is valid.* Section 25 of the Game law, prohibiting any person from hunting or killing, with a gun, rabbits or any of the wild animals, fowl or birds that are protected during any part of the year, without having first procured a license, is not unconstitutional. (*Cummings* v. *People,* 211 Ill. 392, followed.)

3. GAME—*section 25 of the Game law construed.* Under section 25 of the Game law, as amended in 1905, (Laws of 1905, p. 277,) no person can lawfully hunt or kill rabbits with a gun at any season of the year unless he has taken out a license.

WRIT OF ERROR to the County Court of Peoria county; the Hon. W. I. SLEMMONS, Judge, presiding.

The State's attorney of Peoria county filed an information in the county court of that county against the plaintiff in error charging him with unlawfully hunting rabbits without first having obtained a license so to do. A motion was made to quash the information upon the ground that it failed to charge a crime, and for the further reason that the

statute under which it was framed was unconstitutional and void, because it sought to raise revenue in a manner not authorized by the constitution. The motion to quash was overruled. The plaintiff in error pleaded not guilty, and upon a trial was convicted and fined $25 and costs. A writ of error has been prosecuted from this court to reverse the judgment of conviction upon the ground that the constitutionality of the statute is involved.

QUINN, QUINN & OTMAN, and CHARLES A. WEIBERG, for plaintiff in error.

W. H. STEAD, Attorney General, and ROBERT SCHOLES, State's Attorney, (D. G. THOMPSON, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The prosecution was under section 25 of chapter 61, (Hurd's Stat. 1905, p. 1114,) as follows: "For the purpose of increasing the State game protection fund and preventing unauthorized persons from killing game and birds, no person or persons shall at any time hunt, pursue or kill, with gun, rabbits or any of the wild animals, fowl or birds that are protected during any part of the year, without first having procured a license so to do, and then only during the respective periods of the year when it shall be lawful," etc. The sole contention is that the statute is unconstitutional, but wherein it is violative of any provision of that instrument is not pointed out.

Section 25 was originally passed in 1903 and contained no reference to rabbits, but provided that no person should pursue or kill with a gun any of the wild animals, fowl or birds that are protected during any part of the year, without the person so killing first obtaining a license. In 1905 this section was amended as above, by inserting the word "rabbits." It was manifestly the purpose and intention of the legislature by the amendment to specifically protect rabbits

and bring them within the provision requiring hunters to obtain a license before killing them. The purpose of the section, both before and after its amendment, was to increase the State game protection fund, *and also to prevent unauthorized persons from killing game and birds.* In the case of *Cummings* v. *People,* 211 Ill. 392, we held section 25 a valid and constitutional enactment, and we see no reason to change the views there expressed. It is no more than a reasonable exercise of the police power by the State for the protection of game, which by the provision of section 11 of the statute belongs to the State.

It is said there is no closed season for rabbits. The whole year is a closed season as to them unless the hunter has the required license. Section 25 does protect rabbits, which are admitted to be game, by prohibiting all persons from killing them except those who have a license to do so. It protects all other game in the State, whether there is a closed season as to it or not. If hunters were permitted, without limitation or restraint, to hunt, it would be much harder to prevent the killing of game otherwise protected by a closed season. It cannot be said the provision is an unreasonable one.

But, independent of these considerations, as already said, no provision of the constitution has been pointed out which the statute violates. The power of the legislature to enact statutes is plenary, except in so far as that power has been limited by the constitution, and every presumption is in favor of the validity of legislative enactments. They will only be declared unconstitutional and void when they are clearly violative of some express constitutional limitation. There is nothing whatever shown in this case against the validity of the section of the statute under which plaintiff in error was found guilty.

The judgment of the county court will accordingly be affirmed.                              *Judgment affirmed.*